1

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

NOV 2 1 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| SHIRLEY CRAWFORD | ) | |
| et al | ) | |
| Plaintiff(s) | ) | CIVIL ACTION |
| VS, | ) | FILE NO. |
| | ) | **2): 14-CV00279** |
| GREEN TREE SERVICING  LLC, | ) | |
| MANAGERS AND SUPERVISORS | ) | |
| OF GREENTREE SERVICING LLC | ) | |
| et al | ) | |
| Defendants | ) | |

COMPLAINT

Comes Now Shirley J. Crawford et al and brings this civil action against

Defendants Green Tree Servicing LLC, Managers and Supervisors of Green

Tree Servicing LLC et al, and complains and alleges violations of the

Racketeering Influenced Corrupt Organizations Act (RICO), Fraud, and the

Fair Lending Act. In support of the claims Plaintiff(s) states as follows:

VENUE AND JURISDICTION

1. The Jurisdiction of this Court arises under Title 18 U.S.C. § 1346, 1962

(c) and (d) and Section 1964 (c).

2. The jurisdiction of this court arises under 28 U.S.C. § 1332, based upon the diverse citizenship of the parties and the amount in controversy,

3. The matters in controversy are systematic acts and failures to act which violate the Racketeering Influenced Corrupt Organizations Act, (RICO), Fraud, and The Fair Lending Act.

4. The Defendants formed an association which affects Interstate Commerce in that:

(a) The Defendants Green Tree Services LLC, or said corporation by any other name. Managers and Supervisors of Green Tree services LLC et al and willing participants,  have now,  or should have now, or have in the past had, property and assets, or held liens and collected debts against property and other assets, which lie in multiple states, and does business across state lines.

(b) The Defendants entered evidence from across state lines.

(c) The Defendants communicated with Plaintiff(s) over wires and other forms of transmitters belonging to an interstate carrier.

5. The Defendants embrace criminal activities which formed a pattern in that they have the same purposes, participants, and victims.

6. The aforementioned association is a continuing threat in that:

(a) The Defendants occupy the same positions and or carry out the same duties for Green Tree Services LLC, as Green Tree Services LLC continues its operations.

(b) They have a continuing obligation to the Plaintiff(s) and others.

7. The Plaintiff(s) has and continues to suffer losses, business and personal as a direct and approximate result of Defendants' actions and failures to act.

8. These acts and failures to act constitute a minimum of two schemes.

9. These schemes consist of numerous violations of the United States Code.

Parties

10. The Plaintiff(s) is citizens of the United States,

11. Shirley J. Crawford resides at 87 Caylei Lane, Lavonia, GA 30553

12. Shirley J. Crawford is the owner of the asset in question located at 87 Caylei Lane, Lavonia Georgia.

13. Defendants:

a. worked for, acted or failed to act on the behalf of Green Tree Servicing LLC.

b. Green Tree Servicing LLC does business within the state of Georgia and other states within the United States.

c. Green Tree Servicing LLC has a corporate office located at

175 Town park Dr. Kennesaw Georgia, 30144.

d. Green Tree Servicing LLC shall be served at office of their legal representatives and or corporate agent for service.

e. The Legal representatives acting on behalf of Green Tree Servicing

are located at Thomas S. Topping, Vanessa A. Leo, Topping & Associates, LLC, 1930 North Druid Hills RD. Suite B, Atlanta, GA 30319

THE ENTERPRISE

14. At all times relevant hereto, The Defendants and their associates, agents, attorneys, accountants and others, constituted an enterprise, that is, a group of individuals and or entities associated in fact as defined in 18 § 1961(4). The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the purpose of achieving the objectives of the enterprise.

Purpose of The Enterprise

15. The Defendants' common purpose was to exercise corrupt control and influence over, and  later to systematically increase their activities in an ongoing attempt to raid the finances,  cease property and other assets of Shirley J. Crawford e t al.

Roles of The Defendants.

16. The Defendants participated in the operation and management of the Enterprise. Defendants did or directed others in carrying out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

17. The Defendants participated in the operation and management of, and or directed others in carrying out unlawful activities in furtherance of the conduct and conducts which equate to FRAUD.

18. The Defendants participated in the operation and management of, and/or directed others in carrying out unlawful activities in furtherance of the conduct and conducts which equate to violations of the Fair Lending Act.

FIRST CAUSE OF ACTION AND CLAIM FOR RELIEF:

Plaintiff(s) repeats and re-alleges paragraphs 1-18 hereof.

19. On or about the 29th day of August. Surely J. Crawford did receive by mail a correspondence from Green Tree Services LLC. (Refer to exhibit A).

The contents and substance of said correspondence would lead any reasonable thinking individual to assume that Green Tree services LLC or the entity/corporation by any other name had a preference to settling the debt in dispute between the two parties by means other than Writ of Possession. The correspondence employed Shirley J. Crawford to engage in a number of steps to settle said debt in dispute, and prevent said Writ of Possession.

20. Shirley Crawford then set forth and proceeded to adhere to the procedures set forth by the correspondence from Green Tree Servicing LLC. Shirley Crawford corresponded by mail with Green Tree Servicing LLC on or about the 8th day of September 2014 to request a loss mitigation package. Refer to Exhibit B.

21. While expecting to receive said package by mail, Shirley J. Crawford being led to believe and acting upon such beliefs proceeded in good faith to assess the possibilities of an amicable settlement of the debt in question. Shirley J. Crawford and her Advisor settle on a course of action that in any normal business negotiation of a settlement would satisfy the adverse party.

    a.      Offer no Objections to Green Tree Servicing LLC keeping the hence to paid ($53000.00) fifty three thousand dollars on an initial debt of ($26000.00) twenty six thousand dollars.

    b.      Release the asset in question to Green Tree Servicing LLC, a manufactured home, upon which the debt in question is said to be owed to Green Tree Servicing LLC.

    c.      Demand that Green Tree Servicing LLC take said money paid and the Manufacture home as a complete, whole, and absolute settlement of any and all debts owed to Green Tree Servicing LLC by Shirley J. Crawford.

22. Shirley J. Crawford to this day has not received any package or correspondence other than those in the furtherance of Green Tree Servicing LLC's desires to mislead and defraud.

23. On or about the 4th day of September, 2014 Green Tree Servicing LLC through its attorney/legal representatives, Serve upon Shirley J. Crawford a copy of the Writ of Possession filed by Green Tree Servicing LLC's legal representatives in Franklin County Superior Court. (Refer to Exhibit C)

24. On or about the 17th day of August 30, 2014 Shirley J. Crawford then responded to Said Writ and denied all claims and allegations in whole or in part. (Refer to Exhibit D)

25. On or about the 29th day of August, 2014.  Shirley J. Crawford did receive by mail a correspondence from Green Tree Services LLC  through its attorney/legal representatives (Refer to exhibit A ). The contents and substance of said correspondence would lead any reasonable thinking individual to assume that Green Tree Services LLC or the entity/corporation by any other name had a preference to settling the debt in dispute between the two parties by means other than Writ of Possession.

26. Once again Shirley J. Crawford proceeded to adhere by engaging in a number of steps and procedures as set forth in the correspondence from Green Tree Servicing LLC to settle said debt in dispute, and prevent said Writ of Possession, and the subsequent actions that follow said Writ of Possession. Shirley Crawford corresponded this time by Certified mail (Refer to Exhibit F), with Green Tree Servicing LLC on or about the 9th day of October 2014 to request a loss mitigation package which to this date she

has not received from Green Tree Servicing LLC, or any of its agents or associates.

27. On or about the 2nd day of November in the year of two thousand fourteen Shirley J. Crawford received by mail a Document a RULE NISI. Said document bore the names and a signature of the legal representatives of Green Tree Servicing LLC (Refer to Exhibit G).

28. On or about the twelfth day on November in the year of two thousand fourteen(, Green Tree Servicing LLC, through its legal representatives, continued on it course of double talk, omission, and other fraudulent actions, pressed forward and was granted a Writ of Possession by the Superior Court of Franklin County. These actions of Green Tree Servicing LLC and their legal representatives were merely another part of a Scheme, were one is disarmed and enticed to lower their guard as they swoop in and wreak havoc on the lives of law abiding citizens. The actions to acquire such results are done with fore thought and malice and the intentions are to achieve the desire results of:

a. Hold tightly to the approximately ($53,000) Fifty three thousand dollars paid to them over the last (17) seventeen or so years on what was a $26,000 loan.

b. To take possession of the asset in question, to then sell off the asset in question, to make the proceeds from said sale translate to a miniscule amount.

c. To adversely affect the credit rating of Shirley J. Crawford and do damage to her character.

d. To then add service fees, legal fees and other assorted fees and fines to the debt in question. Green Tree Servicing LLC's Method of Operation would very likely result in Claims that Shirley Crawford still owes a debt of over ($50,000.00) fifty thousand dollars even after surrendering the asset in question and paying to Green Tree Servicing LLC over ($53,000.00) fifty three thousand dollars on an initial loan of ($26,000.00) twenty six thousand dollars.

e. To then themselves, or by selling the debt to others who would, even if Shirley J. Crawford were broke and homeless, to pursue that debt with reckless abandon till the day she died by means of a levying liens, seizing bank accounts and any and all assets they possibly could from a 64 year old retiree.

29. As it stands today, after paying Green Tree Servicing LLC over ($53,000.00) fifty three thousand dollars on a ($26,000.00) twenty six thousand dollar loan, Green Tree Servicing LLC purports that Shirley J. Crawford still owes them roughly the same amount that she initially financed.

30. Green Tree LLC's heartless, corrupt and cruel actions translate to and equate to, Mail Fraud, Wire fraud, Fraud, violations of the Fair Lending Act, and other violations of Federal Laws. Green Tree Servicing LLC, its managers and supervisors and others acting on their behalf, have by their actions, past and present, demonstrated that they do in fact, it is a part of their Method of Operation,  add fees and penalties and other financial instruments that are gross and inequitable and indulge in other actions that are of a fraudulently nature in that there is:

a. A false representation by the Defendants.

b. Sciener.

c. Intention to induce the Plaintiff(s) to act of refrain from acting.

d. Justifiable reliance by the Plaintiff(s).

e. Damages to the Plaintiff(s)

31. The Managers and Supervisors of Green Tree Servicing LLC et al who are active participants, controllers, and managers of the Enterprise scheme's to defraud Plaintiff(s) by acts and failures to act, including but not limited to, omissions, producing, distributing, and submitting fraudulent legal and financial documents reports, records, and other representations. During the relevant time period, the Defendants, their agents, attorneys and others under their direction, concealed and therefore without the knowledge and consent of Plaintiff(s), et al, agreed and conspired together to devise and participate in schemes that violate the Racketeering Influenced Corrupt Organizations Act, (RICO).

32. Together with others known and unknown, being persons associated with The Enterprise, which has been and is now engaged in, activities of

which affected interstate commerce, knowingly and intentionally combined, conspired, confederated and agreed to commit offenses that are, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18 of the USC, consisting of multiple acts and failures to act.

33. During the relevant time period Green Tree Servicing LLC, Managers and Supervisors of Green Tree Servicing LLC, et al and or others at their direction, on numerous occasions, failed to use when required by law, used and caused to be used mail depositories of the United States Postal Service and or other carriers, by placing and or causing to be placed letters, documentation, legal, financial and other documents, in said depositories and by removing and or causing to be removed letters and other material from said depositories.

34. During the relevant time period Green Tree Servicing LLC, Managers and Supervisors of Green Tree Servicing LLC, et al or others at their direction, made calls over phone lines and through cell towers belonging to interstate carriers, and have place or caused to be placed information/data via the net, and email accounts.

35. Plaintiff(s) was directly and indirectly injured in his/her business and property and personal finances in an approximate amount by the Defendants' and their associates' misrepresentations, violations of law, fraudulent conduct, and other acts and omissions, as set forth in the above paragraphs.

36. Such losses of property and other assets to the Enterprise enabled the enterprise to continue its operations and enhanced the Enterprise's ability to further harm Plaintiff(s) through the Enterprise's racketeering activity. Further injury includes, but not limited to, the losses and financial expenses which have been and are now being incurred to research, investigate to detect injury, and consultants, accounts, and others to establish grounds for relief and other injury as may be proven before and at time of trial.

SECOND CAUSE OF ACTION AND CLAIM FOR RELIEF:

Plaintiff(s) repeats and re-alleges paragraphs 1-18 hereof.

37. On our about the ninth day of 2013 Shirley J. Crawford entered into an agreement to lease a 2 plus acre plot of land, said property at that point was an unofficial Trailer park, at the height of activity having as many as 15

manufactured homes on said property. Said property was equipped with all of the necessary utilities including sewage, water and power. Said property at that point had three manufactured homes and one multipurpose structure.

38. Shirley J. Crawford's intentions were to create an environment where she could earn income from leasing and subleasing manufactured homes, while maintaining a personal residence in the same location.

39. Shirley J. Crawford has and is now investing in the renovation and upgrading of the manufactured homes and the Leased property.

40. On or about the ninth month of 2013 Shirley J. Crawford started to reassess with the help of others, her previous decided upon position of moving the manufactured home/asset in question, which is secured by the debt that is in question to the leased property in Toccoa Georgia from Lavonia Georgia where it is now located.

41. After an assessment of:

      a. The cost of moving said manufactured home.

b. The amount here to paid on said manufactured home, approximately ($53,000.00) fifty three thousand dollars.

c. The amount outstanding, to be paid by schedule over the next (13) thirteen years, approximately ($42,000.00), forty two thousand dollars.

d. The age and condition of said Manufactured home and the material used in the construction of the manufactured home.

e. The financial agreement with Green Tree Servicing LLC, which was at its best an attempt to hide the actual cost associated with said financial agreement while profits were maximized as Shirley J. Crawford's rights abridged.

42. Shirley J. Crawford and her business advisors concluded that what she thought was an asset was a business liability, in that every payment on said depreciating asset, from, at the very least, the time of her lease of the property in Toccoa Georgia was and would continue to be a business loss.

43. Shirley J. Crawford was advised that it was in her best financial interest to cease making payments and settle the debt in question, in entirety by releasing said asset to Green Tree Servicing LLC the lean holder.

44. Shirley J. Crawford was from the time she stopped making payments to Green Tree Servicing LLC willing and ready to settle the debt in question, in entirety by releasing said asset/manufactured home to Green Tree Servicing LLC the lean holder as a complete, and final settlement of the debt in question.

45. Shirley J. Crawford was then bombarded with a litany of phone calls; averaging approximately (10) ten calls per day, over an interstate carrier. Said phone calls among other things, served to deceive and confuse.

46. The number of calls, approximately (10) ten per day, rose to the level of being harassment and the tone of the calls became more and more of a nature that tended to threaten. Calls were made to Shirley J. Crawford's:

     a.      Part-time place of employment.

     b.      Relatives/family members

c.  Cell phone

d.  Home phone

47. Said calls offered no real remedy to the situation at hand, but only to keep money flowing into the coffers of Green Tree Servicing LLC by any means necessary.

48. In addition to a massive amount of daily calls, Shirley J. Crawford continued to receive notices via the US mail of the debt in question, but no request that would facilitate the settlement of the debt in question.

49. Shirley J. Crawford then hired a Mediator/Arbitrator to assist in her efforts to come to an agreement that would end her business losses. Shirley J. Crawford simply wanted at that time; Green Tree Servicing LLC to keep the ($53,000.00) fifty three thousand dollars here to paid, and take possession of the asset as a full and complete settlement of any and all debts.

50. To this day Green Tree Servicing LLC has not indicated a willingness to take the manufactured home/asset in question for a complete settlement of debts.

51. Shirley J. Crawford has over the last 17 years, being fraudulently and deceptively induced, paid the absolutely absurd, amount of approximately ($53,000.00) fifty tree thousand dollars, of which approximately ($40,000.00) Forty thousand dollars of said was Interest, on a ($26,000.00) twenty six thousand dollar loan. Said ($40,000) Forty thousand dollars had been collected by fraud and deception with forethought and Malice.

52. Green Tree Financial Servicing Corporation, or said company by any other name, it's brokers, agents and those acting on their behalf, did skew, conceal, misstate, the actual amount of interest in dollars to be paid out, monthly, yearly and over the entirety of the loan. Said skewing, concealing, misstating where with forethought and malice in order to maximize the plunder of Shirley J. Crawford.

53. Green Tree Servicing LLC or said corporation by any other name, whether being held in ownership by any other corporation or as a single entity, has demonstrated unethical, destructive, often illegal, practices, induce by, including but not limited to those of incentives of financial nature, to employees, agents, brokers, and others working on their behalf. Said practices have purportedly caused many financial hardships.

54. Due to the amount of time and resources Shirley J. Crawford has in the past and has to now dedicate to the debt and asset in question, Handling of Legal affairs, and other affairs associated with all allegations and matters hence to set fourth, she has and continues to suffer Business Losses.

55. The managers of Green Tree Servicing LLC et al who are active participants, controllers, and managers of the Enterprise scheme's to defraud Plaintiff(s) by acts and failures to act, including but not limited to, omissions, producing, distributing, and submitting fraudulent legal and financial documents reports, records, and other representations. During the relevant time period, the Defendants, their agents, attorneys and others under their direction, concealed and therefore without the knowledge and consent of Plaintiff(s), et al, agreed and conspired together to devise and participate in schemes that violate the Racketeering Influenced Corrupt Organizations Act, (RICO).

56. Together with others known and unknown, being persons associated with The Enterprise, which has been and is now engaged in, activities of which affected interstate commerce, knowingly and intentionally combined, conspired, confederated and agreed to commit offenses that are, to conduct and participate, directly and indirectly, in the conduct of the affairs of the

Enterprise through a pattern of racketeering activity, as that term is defined in Title 18 of the USC, consisting of multiple acts and failures to act.

57. During the relevant time period Green Tree Servicing LLC, Managers and Supervisors of Green Tree Servicing LLC, et al and or others at their direction, on numerous occasions, failed to use when required by law, used and caused to be used mail depositories of the United States Postal Service and or other carriers, by placing and or causing to be placed letters, documentation, legal, financial and other documents, in said depositories and by removing and or causing to be removed letters and other material from said depositories.

58. During the relevant time period Green Tree Servicing LLC, Managers and Supervisors of Green Tree Servicing LLC, et al or others at their direction, made calls over phone lines and through cell towers belonging to interstate carriers, and have place or caused to be placed information/data via the net, and email accounts.

59. Plaintiff(s) was directly and indirectly injured in his/her business and property and personal finances in an approximate amount by the Defendants' and their associates' misrepresentations, violations of law,

fraudulent conduct, and other acts and omissions, as set forth in the above paragraphs.

60. Such losses of property and other assets to the Enterprise enabled the enterprise to continue its operations and enhanced the Enterprise's ability to further harm Plaintiff(s) through the Enterprise's racketeering activity. Further injury includes, but not limited to, the losses and financial expenses which have been and are now being incurred to research, investigate to detect injury, and consultants, accounts, and others to establish grounds for relief and other injury as may be proven before and at time of trial.

## THIRD CAUSE OF ACTION AND CLAIM FOR RELIEF:

Plaintiff(s) repeats and re-alleges paragraphs 1-21 hereof.

61. On or about the third day of January nineteen ninety seven, Shirley J. Crawford did set forth to purchase a manufactured home, the seller being Hartwell Homes of Hartwell, Georgia. The then negotiated price of said Manufactured home was to be approximately ($31,000) Thirty one thousand dollars.

62. Shirley J. Crawford's then proposed exchange/trade in, of a then and previously owned manufactured home, was negotiated and settled at a value of approximately ($5,300.00) five thousand three hundred dollars.

63. Shirley Crawford then attempted to enter a legal and ethical financial agreement with Green Tree Financial Servicing Corporation. The agreed amount of the loan was to be $26,136.00 (twenty six thousand one hundred thirty six dollars).

64. Shirley J. Crawford insisted on a plan that was most economical and relied on said company and its broker, agents and all others involved in the lending process, to act in accordance with the law while proceeding in an ethical manner. Shirley J. Crawford was deceived, induced in a fraudulent manner into an agreement that maximized the profits of brokers, agents and those acting on the behalf of, and Green Tree Financial Servicing Corporation, or said company by any other name.

65. Green Tree Financial Servicing Corporation, or said company by any other name, it's brokers, agents and those acting on their behalf, did not proceed in a legal and ethical manner.

66. Green Tree LLC set in place policies that financially incentivized and thereby induced Agents, Confederates, and Dealers in illegal and unethical practices that include but are not limited to discriminatory, bias, prejudicial actions.

67. Shirley J. Crawford has over the last 17 years, being fraudulently and deceptively induced, paid the absolutely absurd, amount of approximately ($53,000.00) fifty one thousand dollars, of which approximately ($40,000.00) Forty thousand dollars of said was  Interest, on a ($26,000.00) twenty six thousand dollar  loan. Green Tree Servicing LLC now purports that Shirley J. Crawford now owes the approximately the same amount, ($26,000.00) twenty thousand dollars that she originally borrowed. The money hence collected and all efforts to continue to collect and are committed by fraud and deception with forethought and Malice.

68. Green Tree Financial Servicing Corporation, or said company by any other name, it's brokers, agents and those acting on their behalf, did skew, conceal, misstate, the actual amount of interest in dollars to be paid out, monthly, yearly and over the entirety of the loan. Said skewing, concealing, misstating where with forethought and malice in order to maximize the plunder of Shirley J. Crawford's finances.

69. Green Tree Servicing LLC or said corporation by any other name, whether being held in ownership by any other corporation or as a single entity, It's managers and Supervisors have demonstrated unethical, destructive, often illegal, practices, induce by, Including but not limited to those of incentives of financial nature, to employees, agents, brokers, and others working on their behalf. Said practices have purportedly caused many financial hardships.

70. Green Tree Servicing LLC, the managers and Supervisors of Green Tree Servicing LLC et al who are active participants, controllers, and managers of the Enterprise scheme's to defraud Plaintiff(s) by acts and failures to act, including but not limited to, omissions, producing, distributing, and submitting fraudulent legal and financial documents reports, records, and other representations. During the relevant time period, the Defendants, their agents, attorneys and others under their direction, concealed and therefore without the knowledge and consent of Plaintiff(s), et al, agreed and conspired together to devise and participate in  schemes that violate the Racketeering Influenced Corrupt Organizations Act, (RICO).

71. Together with others known and unknown, being persons associated with The Enterprise, which has been and is now engaged in, activities of which affected interstate commerce, knowingly and intentionally combined,

conspired, confederated and agreed to commit offenses that are, to conduct and participate directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, as that term is defined in Title 18 of the USC, consisting of multiple acts and failures to act.

72. During the relevant time period Green Tree Servicing LLC, Managers and Supervisors of Green Tree Servicing LLC, et al and or others at their direction, on numerous occasions, failed to use when required by law, used and caused to be used mail depositories of the United States Postal Service and or other carriers, by placing and or causing to be placed letters, documentation, legal, financial and other documents, in said depositories and by removing and or causing to be removed letters and other material from said depositories.

73. During the relevant time period Green Tree Servicing LLC, Managers and Supervisors of Green Tree Servicing LLC, et al or others at their direction, made calls over phone lines and through cell towers belonging to interstate carriers, and have place or caused to be placed information/data via the net, and email accounts.

74. Plaintiff(s) was directly and indirectly injured in his/her business and property and personal finances in an approximate amount by the

Defendants' and their associates' misrepresentations, violations of law, fraudulent conduct, and other acts and omissions, as set forth in the above paragraphs.

75. Such losses of property and other assets to the Enterprise enabled the enterprise to continue its operations and enhanced the Enterprise's ability to further harm Plaintiff(s) through the Enterprise's racketeering activity. Further injury includes, but not limited to, the losses and financial expenses which have been and are now being incurred to research, investigate to detect injury, and consultants, accounts, and others to establish grounds for relief and other injury as may be proven before and at time of trial.

## COUNT I

Violation of RICO, 18 U.S.C. *§§ 1962(c) , 1964(c) Against All Defendants*
76. Plaintiff(s) incorporate herein by reference paragraphs 1 through 67 of this Complaint.

77. Plaintiff(s) are "persons" within the meaning of 18 U.S.C §§ 1961(3) and 1964(c).

78. Each Defendants is a "person" within the meaning of 18 U.S.C §§ 1961(3) and 1964(c).

79. At all times material to this Complaint, Defendants and/or other individuals were associated in fact and thus are an "Enterprise" within the meaning of 18 U.S.C §§ 1961(3) and 1964(c).

80. At all times material to this Complaint, the Enterprise was engaged in and its activities affected interstate commerce and the facilities of interstate commerce, including the United States mails, highways and telephone and other devices of communication by lines or other form of transmitting.

81. At all times material to this Complaint, each Defendant was employed by, or otherwise associated with, the Enterprise.

82. From approximately the year of 1997 through to the present, Defendants devised and participated in schemes to defraud Plaintiff(s), as set forth herein.

83. Each Defendant conducted or participated directly or indirectly in the conduct of the Enterprise's affairs through a pattern of racketeering activity consisting of, but not limited to, the multiple instances of mail and wire fraud, as set forth herein.

84. These acts of mail fraud, wire fraud, were both related and continuous, thereby constituting a pattern of racketeering activity within the meaning of

18 U.S§ 1961(5)

85. The conduct of each of the Defendants constitutes a violation of 18 U.S.C. §1962(c).

86. Plaintiff(s) were directly injured in their business and property as set forth herein by Defendants' violations of 18 U.S.C. §1962(c). Such injury includes the deprivation of the ability to conduct business with, through or in association with and to properly assess the assets of the Such losses of property and other assets to the Enterprise, enabled the enterprise to continue its operations and enhanced the Enterprise's ability to further harm Plaintiff(s) through the Enterprises racketeering activity. Further injury includes, but not limited to, the losses and financial expenses which have been and are now being incurred to research, investigate to detect injury, and  consultants, accountants, and attorney to establish grounds for relief and other injury as may be proven before and at time of trial.

WHEREFORE, pursuant to 18 U.S.C. § 1964(c),. Plaintiff(s) demand that judgment be entered in their favor and against all Defendants jointly and severally for compensatory damages, treble damages, punitive damages, interest, costs, attorneys' fees and such other relief as the court shall find just and equitable.

## COUNT II

Conspiracy To Violate RICO, 18 U.S.C. § 1962(c). *In Violation Of* 18

U.S.C. § 1962(d) *Against All Defendants*

87. Plaintiff(s) incorporate herein by reference paragraphs 1 through 67 of this Complaint.

88. Plaintiff(s) are "persons" within the meaning of 18 U.S.C. § 1961(3) and 1964(c).

89. Each Defendants is a "person" within the meaning of 18 U.S.C §1961(3) and 1964(c).

90. At all times material to this Complaint, Defendants and/or other individuals were associated in fact and thus are an "Enterprise" within the meaning of 18 U.S.C. § 1961(4) and 1962(c).

91. At all times material to this Complaint, the Enterprise was engaged in and its activities affected interstate commerce and the facilities of interstate commerce, including the United States mails, highways and telephone and other devices of communication by lines or other form of transmitting.

92. At all times material to this Complaint, each Defendant was employed by, or otherwise associated with, the Enterprise.

93. From approximately 1997, through to the present, Defendants devised and participated in schemes to defraud Plaintiff(s), as set forth herein.

94. Each Defendant conducted or participated directly or indirectly in the conduct of the Enterprise's affairs through a pattern of racketeering activity consisting of, but not limited to, the multiple instances of mail and wire fraud, as set forth herein.

95. These acts of Mail Fraud, Wire Fraud, were related and continuous, thereby constituting a pattern of racketeering activity within the meaning of 18 U.S.C§ 1961(5).

96. Said conduct constitutes a violation of 18 U.S.C. §1962(d).

97. Plaintiff(s) were directly injured by the Defendants in their business and property as set forth herein.

WHEREFORE, pursuant to 18 U.S.C. § 1964(c), Plaintiff(s) demand that judgment be entered in their favor and against all Defendants jointly and severally for compensatory damages, treble damages, punitive damages, interest, costs, attorneys' fees and such other relief as the court shall deem appropriate.

## COUNT III

### *Fraud Against All Defendants*

98. Plaintiff(s) incorporates herein by reference the allegations set forth in paragraphs 1 through 67 of this Complaint.

99. The misrepresentations, violations of law, fraudulent conduct, and other acts and omissions committed by the Defendants as set forth herein constitute false and fraudulent representations.

100. Plaintiff(s) justifiably relied on the fraudulent misrepresentations made by the Defendants.

101. As a result of the fraudulent misrepresentations by Defendants, Plaintiff(s) suffered injury as set forth herein.

102. Further, the fraudulent misrepresentations by Defendants were made with malice, vindictiveness and wanton disregard for the rights of Plaintiff(s), thus entitling Plaintiff(s) to recovery of exemplary and punitive damages.

WHEREFORE, Plaintiff(s) pray this Court enter judgment in favor of Plaintiff(s) and against all Defendants, jointly and/or severally, for an amount exceeding ($75,000.00), seventy five thousand dollars in

compensatory damages, consequential damages, treble damages, exemplary damages, punitive damages, attorney's fees, litigation expenses, and any additional relief this Court finds just and equitable.

## COUNT IV

### Violation of the fair lending ACT

103. Plaintiff(s) incorporates herein by reference the allegations set forth in paragraphs 1 through 67 of this Complaint.

104. The misrepresentations, violations of law, fraudulent conduct, and other acts and omissions committed by the Defendants as set forth here in constitute false and fraudulent representations.

105. Plaintiff(s) justifiably relied on the fraudulent misrepresentations made by the Defendants.

106. As a result of the fraudulent misrepresentations by Defendants, Plaintiff(s) suffered injury as set forth herein.

107. Further, the fraudulent misrepresentations by Defendants were made with malice, vindictiveness and wanton disregard for the rights of Plaintiff(s), thus entitling Plaintiff(s) to recovery of exemplary and punitive damages.

WHEREFORE, Plaintiff(s) pray this Court enter judgment in favor of Plaintiff(s) and against all Defendants, jointly and/or severally, for an amount exceeding ($75,000.00), seventy five thousand dollars in compensatory damages, consequential damages, treble damages, exemplary damages, punitive damages, attorney's fees, litigation expenses, and any additional relief this Court finds just and equitable.

## PRAYERS FOR RELIEF

Wherefore, plaintiff(s) prays:

1. Judgment against Defendants for Treble business losses

2. Consequential damages, punitive damages, litigation expenses for an amount exceeding ($75,000.00) seventy five thousand dollars.

3. Such other, further and additional relief that the court deems just and proper.

4. PLAINTIFF(S) DEMAND A JURY TRIAL.

Date _Nov. 21-14_

Shirley J. Crawford