**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| SHIRLEY CRAWFORD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:14-CV-00279-RWS |
| GREEN TREE SERVICES LLC | : | |
| and MANAGERS AND | : | |
| SUPERVISORS OF GREENTREE | : | |
| SERVICING LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case comes before the Court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), and on Defendants' Motion to Dismiss [6] and Plaintiff's Motions for Sanctions [10, 12].  After reviewing the record, the Court enters the following Order.

### Background

On January 3, 1997, Plaintiff Shirley Crawford obtained a loan from Defendant Green Tree Servicing LLC in the amount of $26,136.00 secured by the manufactured home that Plaintiff purchased with the funds. (Compl. ¶¶ 61–63). Sometime around September 2013, Plaintiff ceased making payments

on the loan, apparently ready to release the manufactured home to Defendants in satisfaction of the debt. (Compl. ¶¶ 40–43). Defendants Green Tree Servicing LLC and Green Tree's Managers and Supervisors ("Defendants") then began to contact Plaintiff for late payments. (Compl. ¶¶ 45–48). Eventually, Defendants filed a Petition for Writ of Possession, which Plaintiff received on September 4, 2014. (Compl. ¶¶ 23). After Plaintiff filed an answer, a hearing was held in the Superior Court of Franklin County on November 12, 2014, where the Defendant's Writ of Possession was granted in their favor. (Compl. ¶¶ 28). Plaintiff then brought this action.

Plaintiff's Complaint alleges that around the time of the foreclosure she received two letters from Defendants that she claims fraudulently led her to believe that she would obtain a loan modification or otherwise avoid foreclosure. (Compl. ¶¶ 19–25). Plaintiff also alleges that she made payments on the loan over the past 17 years totaling $53,000.00, of which $40,000.00 was interest, but that Defendants contend she still owes $26,000.00—almost the entire principal of the original loan. (Compl. ¶¶ 67). Using these figures as evidence, Plaintiff states that she was "deceived" into entering the loan

2

agreement and that Defendants "did skew, conceal, [and] misstate, the actual amount of interest" to be paid out on the loan. (Compl. ¶¶ 64, 68).

Based on the foregoing allegations, Plaintiff brings the following claims: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) conspiracy to violate RICO; (3) fraud; and (4) violation of the Fair Lending Act.

Defendants now move for dismissal of all claims, and Plaintiff has filed two motions for sanctions in which she argues that Defendants failed to serve her the motion to dismiss, which she says she did not know about until she received a copy of the Court's December 18, 2014 Order staying pretrial deadlines.

## Discussion

First, the Court notes that Plaintiff is proceedings *in forma pauperis* in this matter. After Magistrate Judge Clay Fuller granted Plaintiff's application for leave to proceed *in forma pauperis*, the Complaint [4] was submitted to the undersigned for a frivolity review. Defendants then filed a Motion to Dismiss [6]. Plaintiff later filed two motions for sanctions [10, 12], arguing that Defendants failed to serve her a copy of the Motion to Dismiss [6]. But because

the Court had not yet conducted a frivolity review of Plaintiff's claims, those

motions were premature.  And as explained below, because the Court finds that

Plaintiff's Complaint [4] is due to be dismissed, Defendants' Motion to Dismiss

[6] and Plaintiff's motions for sanctions [10, 12] are **DENIED as moot**.

## I.      Frivolity Review Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case

at any time if the court determines that . . . the action or appeal (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." A claim

is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably

meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984

F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to

relief."  While this pleading standard does not require "detailed factual

allegations," "labels and conclusions" or "a formulaic recitation of the elements

AO 72A
(Rev.8/82)

of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Because Plaintiff is acting *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.   Analysis

### A.   RICO and Conspiracy to Violate RICO

Plaintiff brings claims for RICO violation and conspiracy to violate RICO. To succeed on a claim under RICO, a plaintiff must prove each of the following four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988). "RICO defines racketeering activity as any act indictable under 18 U.S.C. §§ 1341 and 1343, the mail and wire provisions, or 'any offense involving the fraud in the sale of securities.' " Id. (citing 18 U.S.C.

§ 1961). A pattern of racketeering activity requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5).

Plaintiff pleads these elements by alleging that Defendants schemed "to defraud Plaintiff(s) by acts and failures to act, including but not limited to, omissions, producing, distributing, and submitting fraudulent legal and financial reports, records, and other representations," and that Defendants "conspired together" to violate RICO.  (Compl.  ¶¶ 31).  The Court finds that these claims lack the sufficient factual plausibility to satisfy Federal Rule of Civil Procedure 8(a).  Indeed, "courts have concluded that general allegations of fraud and conspiracy . . . associated with the mortgage lending industry . . . are not viable claims [under RICO]."  <u>Saunders v. Mortg. Elec. Registration Sys., Inc.</u>, No. 1:10-CV-3419-TWT-RGV, 2011 WL 1335824, at *11 (N.D. Ga. Mar. 11, 2011) (citing several cases in support). And, as discussed below, Plaintiff has failed to adequately allege fraud or a violation of any federal statute that would create a RICO violation. Therefore, Plaintiff's claims under RICO fail.

B.    Fraud

Plaintiff also brings a claim for fraud against Defendants. (Compl.  ¶¶ 98–102). Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff

6

to plead allegations of fraud "with particularity." FED. R. CIV. P. 9(b). A

plaintiff satisfies Rule 9(b) by stating:

> (1) precisely what statements were made in what
> documents or oral representations or what omissions
> were made, and (2) the time and place of each such
> statement and the person responsible for making (or, in
> the case of omissions, not making) same, (3) the content
> of such statements and the manner in which they misled
> plaintiff, and (4) what the defendants obtained as a
> consequence of the fraud.

U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301,1310 (11th Cir.

2002).  That is, the plaintiff must specifically plead "the details of the

defendants' allegedly fraudulent acts, when they occurred, and who engaged in

them." Id.

Here, Plaintiff fails to adequately plead fraud.  First, the bulk of

Plaintiff's fraud allegations are conclusory, asserting that Defendants engaged

in "double talk, omissions, and other fraudulent actions" in their

communications with Plaintiff.  (Compl.  ¶¶ 28).  Such conclusive statements

plainly fail to meet Rule 9(b)'s specificity requirements.

Second, Plaintiff's more detailed allegations cannot give rise to a claim

for fraud.  In her most specific allegations, Plaintiff references two letters she

7

received from Defendants that led her to believe that Defendants would not

pursue the foreclosure.  But the first letter (a notice of foreclosure) merely

invited Plaintiff to "submit a loan modification application to *request*

*consideration* for available foreclosure prevention alternatives."  (Compl., Dkt.

[4-1]) (emphasis added).  The other simply requested that Plaintiff contact

Defendants' counsel about the foreclosure action.  (Compl., Dkt. [4-5]).

Neither correspondence ever stated or guaranteed that Plaintiff would receive a

loan modification or otherwise avoid foreclosure.   Plaintiff's allegations are

thus insufficient to show that the Defendants made any misrepresentations.

Further, Defendants did not otherwise owe Plaintiff a duty to modify her loan.

See Caesar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 374 (Ga. Ct. App.

2013) (stating that a bank has no duty to modify a loan or security deed).

Accordingly, Plaintiff's allegations supporting her fraud claim are legally

meritless, and her fraud claim is due to be dismissed.

### C.    Fair Lending Act

Plaintiff's final count is a claim for a violation of the "fair lending ACT."

(Compl.  ¶¶ 103–107).  Because there is no federal Fair Lending Act,

Defendants assume the claim is actually based on the federal Truth in Lending

Act ("TILA") and move for dismissal. (Dkt. [6] at 15). The Court notes that Plaintiff's claim could also be referring to the Georgia Fair Lending Act ("GFLA"), and considers both potential theories.

TILA imposes certain disclosure requirements "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Its most relevant requirements here are periodic statements about the loan balance and payments, including the "current interest rate in effect for the loan" and a "description of any late payment fees." 15 U.S.C. § 1638(f)(1). However, TILA also requires that plaintiffs bring suit "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A "violation 'occurs' when the transaction is consummated." <u>Smith v. Am. Fin. Sys., Inc. (In re Smith)</u>, 737 F.2d 1549, 1552 (11th Cir. 1984). The Eleventh Circuit has further held that a nondisclosure violation "is not a continuing violation for purposes of the statute of limitations." <u>Id.</u>

Here, Plaintiff alleges that the Defendants "misstated the actual amount of interest" to be paid on the loan. (Compl. ¶¶ 52, 68). Plaintiff states that she paid $53,000.00, of which $40,000.00 was interest, over a 17-year period, but that Defendants contend she still owes nearly the full amount of the loan.

(Compl. ¶¶ 51, 67). Even assuming these allegations state a TILA claim, that claim is barred under TILA's one-year statute of limitations. Plaintiff obtained the loan in 1997, but she filed this action in 2014. Because the alleged disclosure violation would have occurred when she executed the mortgage loan in 1997, Plaintiff's TILA claim is time-barred.

Alternatively, Plaintiff may have been referring to GFLA, which provides creditors with limitations and prohibitions regarding home loans, including those for manufactured homes. O.C.G.A. § 7-6A-3 (2014). But Plaintiff's Fair Lending Act claim fails under this theory as well.

The only GFLA violation the Complaint appears to allege is the provision that forbids late payment charges unless the loan documents authorize it, the payment is more than ten days overdue, and the charge does not exceed 5 percent of the original payment amount. O.C.G.A. § 7-6A-3(3). Yet Plaintiff pleads virtually no facts that could establish a violation on these grounds. Meanwhile, Plaintiff admits that she ceased making payments on the loan in September 2013, nearly a year before Defendants commenced the foreclosure action, which would justify late-payment charges. (Compl. ¶¶ 40). For these

reasons, Plaintiff's Fair Lending Act claim, construed as either a TILA claim or a GFLA claim, is legally meritless.

## Conclusion

In accordance with the foregoing, Plaintiff's Complaint [4] is **DISMISSED without prejudice**, and Defendants' Motion to Dismiss [6] and Plaintiff's Motions for Sanctions [10, 12] are **DENIED as moot**.

**SO ORDERED**, this  31st  day of March, 2015.


**RICHARD W. STORY**
United States District Judge

11

AO 72A
(Rev.8/82)